STATE OF MICHIGAN
IN THE 7th JUDCIAL CIRCUIT COURT

REX ANDERSON,

    Plaintiff,

v

BAY COUNTY ORTHOPOEDICS,
CADILLAC ACCOUNTS RECEIVABLE MANAGEMENT,
McLAREN REGIONAL MEDICAL CENTER,
COLLECTION SERVICE BUREAU,
NORTHERN MICHIGAN EMERGENCY PHYSICIANS,
NORTHERN CREDIT BUREAU,
NORTHERN MICHIGAN HOSPITAL and
MONEY RECOVERY NATIONWIDE,

    Defendants.

Case No. 09-    ~~GC~~
CZ

ARCHIE L. HAYMAN
P-37516



LAW OFFICE OF JAMES SHAW, P.C.
JAMES SHAW P49003
Attorney for Plaintiff
14801 Plymouth Crossing
Plymouth, MI 48170
(248) 559-1223

## COMPLAINT FOR DECLARATORY JUDGMENT

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

Plaintiff, REX ANDERSON, through his attorneys, Law Office of James Shaw, P.C., states in support of his Complaint that:

1. Plaintiff is a resident of Lapeer County, Michigan.

2. Defendant, BAY COUNTY ORTHOPAEDICS, is a domestic professional service corporation, formed under the laws of the State of Michigan whose business address is believed to be 4048 Cedar Bluff Drive, Suite 1, Petosky, MI 49770.

3. Defendant, CADILLAC ACCOUNTS RECEIVABLE MANAGEMENT, is a domestic corporation formed under the laws of the State of Michigan whose business

address is believed to be 1015 Wilcox, Cadillac, MI 49601.

4. Defendant, McLAREN REGIONAL MEDICAL CENTER, is a domestic non-profit corporation formed under the laws of the State of Michigan whose business address is believed to be 401 South Ballenger Highway, Flint, MI 48532.

5. Defendant COLLECTION SERVICE BUREAU, is a domestic corporation, formed under the laws of the State of Michigan whose business address is believed to be 12750 S. Saginaw St., Suite 102, Grand Blanc, MI 48439.

6. Defendant NORTHERN MICHIGAN EMERGENCY PHYSICIANS is a domestic professional service corporation, formed under the laws of the State of Michigan whose business address is believed to be 4801 Willoughby Hlt. Petoskey, MI 49770.

7. Defendant NORTHERN CREDIT BUREAU is a domestic corporation, formed under the laws of the State of Michigan whose business address is believed to be 425 Michigan St., Petosky, MI 49770

8. Defendant NORTHERN MICHIGAN HOSPITAL is a domestic non-profit corporation, formed under the laws of the State of Michigan whose business address is believed to be 416 Connable Avenue, Petoskey, MI 49770.

9. Defendant, MONEY RECOVERY NATIONWIDE., is a domestic corporation, formed under the laws of the State of Michigan whose business address is believed to be 801 Waverly St, Suite 100, Lansing, MI 49770.

10. The cause of action arose in Lapeer County, Michigan.

11. On or about February 28, 2005, Plaintiff sustained a broken leg while snow boarding in Harbor Springs, Michigan.

12. Thereafter, Plaintiff incurred medical bills as a result of treatment he received at Defendant Northern Michigan Hospital in Petoskey Michigan.

13. At all pertinent times in question, Plaintiff had a health insurance contract in full force and effect with his health insurance provider, Blue Cross Blue Shield ("BCBS") with his premiums and co-pays fully paid.

14. Pursuant to said contract with Plaintiff, BCBS was obligated to pay for all reasonable and necessary expenses related Plaintiff's injury.

15. Defendants Northern Michigan Hospital, Bay Street Orthopedics, Northern Michigan Emergency Physicians and McLaren Regional Medical Center also had a contract with BCBS of which Plaintiff was a third-party beneficiary.

16. Defendants Northern Michigan Hospital, Bay Street Orthopedics, Northern Michigan Emergency Physicians, and McLaren Regional Medical Center (said health care providers collectively referred to hereinafter as "HCP") breached said contract by invoicing Plaintiff with charges in excess of that allowed pursuant to the terms of said contract.

17. Defendants HCP agreed to accept as payment for services rendered an amount provided for in a negotiated fee schedule with BCBS known as the Master Payment Schedule.

18. Plaintiff, Rex Anderson was contemplated to be a third-party beneficiary of this Agreement.

19. As a third-party beneficiary of the Agreement, and specifically referenced in the Agreement as "Patient," pursuant to MCLA 600.1405, Plaintiff is thus entitled to and has the right to enforce all of the provisions of the Healthcare Provider Agreement and Master Payment Schedule.

20. Plaintiff's health insurance company (BCBS) in fact paid all medical bills reasonably and necessarily incurred by Plaintiff, which were timely and properly submitted by

the Defendant health care providers in the months that followed the injury and treatment.

21. Approximately six to nine months after Plaintiff's treatment Defendants HCP mailed several medical bills directly to Plaintiff or transferred to debt collections as follows:

   a. Bay Street Orthopaedics - $435.00 – reported by Cadillac Accounts Receivable;

   b. McLaren Regional Medical Center - $233.00 – reported by Collection Services Bureau;

   c. Northern Michigan Medical Emergency Physicians - $71.00 – Reported by Northern Credit Bureau;

   d. Northern Michigan Hospital - $1026.00 – reported by Money Recovery Nationwide.

22. Plaintiff contacted Defendants HCP and/or Defendant debt collectors and requested that they submit the bills directly to his health insurance company BCBS.

23. Based upon information and belief Plaintiff's health insurance carrier paid all medical bills, which were timely submitted to it and which were reasonable and necessary to Plaintiff's treatment.

24. Based upon information and belief, the Defendant health care providers, which now claim to have outstanding balances, did not timely or properly submit their invoices to Plaintiff's health insurance carrier and/or such charges were in excess of those allowed pursuant to the contract between BCBS and the health care providers and/or were not reasonable in cost or necessary to Plaintiff's treatment.

25. Plaintiff was not apprised of the cost of these services until Defendants presented him with invoices for outstanding balances, which they designated as overdue or were directly transferred to collections.

26. Plaintiff did not agree to pay for these excessive charges.

27. Defendants HCP provide medical services and are engaged in "trade or commerce" in the collection of debts, as well as so engaged in other activities during the course of operation of its corporations.

28. Defendants, Cadillac Accounts Receivable Management, Collection Service Bureau, Northern Credit Bureau, Money Recovery Nationwide, conduct business as debt collection agencies, providing credit information to Consumer Reporting Agencies (CRAs), commonly known as credit bureaus.

29. All Defendants have directly or indirectly provided derogatory and defamatory reports to CRAs, falsely reporting Plaintiff to be "delinquent" in payment of debts related to Plaintiff's medical treatment.

30. Plaintiff has disputed the legitimacy of these debts in writing with the three credit reporting agencies.

31. All Defendants have verified these debts after Plaintiff's written dispute, thus causing harm to Plaintiff's ability to obtain credit, including but not limited to the re-financing of his home at a lower interest rate.

32. Despite Plaintiff's requests for retraction, Defendants have maliciously and willfully refused to retract the defamatory report, its conduct thereby constituting economic libel.

33. Defendant's willful and malicious communication of false statements regarding Plaintiff constitutes continuing tortious conduct and violation of statutory proscriptions against such conduct.

34. Plaintiff has suffered extreme emotional distress, anxiety, embarrassment, humiliation and mortification from Defendant's conduct.

35. Plaintiff has suffered loss of reputation and self-esteem, loss of business opportunity, loss of expectancy and prospective benefit that would derive from the higher credit rating he is entitled to – but for the Defendant's defamatory, illegal and libelous conduct.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC 1692

36. Allegations in the preceding paragraphs are incorporated herein by reference.

37. The Fair Debt Collection Practices Act, FDCPA is intended to eliminate abusive debt collection practices. 15 USC 1692.

38. The FDCPA defines the term debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 USC 1692a(5); and the debts involved, namely with Plaintiff's medical bills are by definition consumer debts.

39. Defendants fit the definition of a "debt collector," within the meaning of the Act, where its business' principal purpose is the collection of debts, or which regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 USC 1692a(6).

40. Defendants are liable for harassment under the Act, where its conduct constitutes abuse, misleading representations, unfair practices, and/or deceptive forms.

41. Defendant's continued demand for payment in the face of denial of any liability by Plaintiff, maintaining and continuing to maintain derogatory report of a disputed and

invalid claim of debt and refusal to remove such report constitutes such abuse and unfair practices prohibited under the Act.

42. Defendant is liable to Plaintiff for violation of the FDCPA.

## COUNT II

### VIOLATION OF REGULATION OF COLLECTION PRACTICES, MCL 445.251 et seq.

43. Allegations in preceding paragraphs are incorporated herein by reference

44. MCL 445.252 provides that a regulated person shall not commit 1 or more of the following acts, included but not limited to:

   a. Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.

   b. Using a harassing, oppressive, or abusive method to collect a debt

44. Defendants' conduct in attempting to collect a fictitious debt and further making defamatory communication by filing false and derogatory report with credit bureaus is in violation of the Regulation of Collection Practices Act and Defendants should be found liable for same.

## COUNT III

### VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT (MCPA), MCL 445.901 et seq

45. Allegations in preceding paragraphs are incorporated herein by reference.

46. MCL 445.901, et.seq. provides that unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows:

   a. Using deceptive representations

      b. Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

      c. Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

      d. Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

      e. Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

      f. Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

47.   Defendants HCP are liable under the Michigan Consumer Protection Act for violations thereof.

## COUNT IV

## DEFAMATION AND ECONOMIC LIBEL

48.   Allegations in preceding paragraphs are incorporated herein by reference.

49.   Defendants have made statements concerning Plaintiff by making false and derogatory reports to credit reporting agencies regarding false and fictitious claims for payment of money.

50.   The statements had the tendency to harm the Plaintiff's business and personal credit reputation.

51.   Defendants published the statement to third parties.

52. Defendants acted negligently or with actual malice in making the statements.

53. The statements are actionable as defamation per se under Michigan statute and common law.

54. The statements caused Plaintiff to incur special damages.

### COUNT V

### VIOLATION OF FCRA

55. Allegations in preceding paragraphs are incorporated herein by reference.

56. Sometime around mid 2005, all Defendants to this action violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b) by publishing and verifying the alleged outstanding medical indebtedness of Plaintiff within Plaintiff's credit file with the credit reporting agencies and by failing to fully and properly investigate the Plaintiff's dispute, failing to review all relevant information regarding same, and by failing to correctly report results of an accurate investigation to each of the credit reporting agencies.

57. As a result of Defendants' conduct, as well as the action and inaction of the credit reporting agencies, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

58. Defendants' conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681(n). In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. 1681(o).

59. The Plaintiff is entitled to recover actual or statutory damages, costs and attorney's fees from all named Defendants in this action pursuant to 15 U.S.C. §1681(n) and/or

§1681(o).

60. Defendants willfully and negligently failed to conduct reasonable investigation of Plaintiff's written disputes and refused telephone disputes and otherwise violated FCRA§ 1681(i).

61. Defendants willfully and negligently failed to follow reasonable procedures to assure maximum possible accuracy of the information contained in Plaintiff's consumer reports in violation of FCRA § 1681e(b).

62. As a direct result of the Defendants' conduct, action and inaction, Plaintiff suffered and continues to suffer actual damages, including but not limited to, humiliation, embarrassment, emotional distress, anxiety, credit denial, higher interest rates, loss of income and loss of opportunities.

63. Defendants' conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681(n).

64. Plaintiff is entitled to recover actual or statutory damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT VI

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

65. Allegations in preceding paragraphs are incorporated herein by reference.

66. Defendants are liable to Plaintiff for Intentional Infliction of Emotional Distress where its conduct was extreme and outrageous, was intentional or reckless, which caused Plaintiff severe emotional distress.

## COUNT VII

### VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

67. Plaintiff incorporates the preceding allegations by reference.

68. Defendants and its employees/agents are "collection agencies" as that term is defined in the Michigan Occupation Code ("MOC"), MCL 339.901(b).

69. Plaintiff is a debtor as that term is defined in MCL 339.901(l).

70. Defendants' foregoing acts in attempting to collect this debt against Plaintiff constitute violations of the Occupation Code.

71. Plaintiff has suffered damages as a result of these violations of the Michigan Occupation Code.

72. These violations of the Michigan Occupation Code were willful.

## COUNT VIII

## BREACH OF CONTRACT

73. Plaintiff incorporates the preceding allegations by reference

74. Defendants HCP breached its contractual obligations by charging Plaintiff unreasonable, highly inflated and discriminatory rates for medical services and supplies.

## COUNT IX

## BREACH OF COVENANT OF GOODFAITH AND FAIR DEALING

75. Plaintiff incorporates the preceding allegations by reference

76. Billing and attempting to collect a debt far in excess of the amount provided by contract is unreasonable and violative of the express contracts between the parties, of which Plaintiff Anderson is a third-party beneficiary, Defendants violated its duty of good faith and fair dealing in its performance and its enforcement of said contracts.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests this Court:

a.  enter a judgment against Defendants in the amount in excess of $25,0000.00 that this Court deems appropriate;

b.  grant declaratory judgment that the Plaintiff does not owe the debts which are the subject of this complaint;

c.  grant whatever other relief it deems equitable under the circumstances.

Respectfully submitted,

LAW OFFICES OF JAMES SHAW, P.C.

JAMES SHAW P49003
Attorney for Plaintiff
14801 Plymouth Crossing
Plymouth, MI 48170
(248) 559-1223

\*\*\* Plaintiff requests a jury trial in this matter. \*\*\*